**Slip Op. 11-60**

## UNITED STATES COURT OF INTERNATIONAL TRADE

| |
|---|
| INTERNATIONAL CUSTOM PRODUCTS, INC., <br><br>        Plaintiff, <br><br>        v. <br><br> UNITED STATES, <br><br>        Defendant. |

**Before: Gregory W. Carman, Judge**

Court No. 07-00318

*[Defendant's Second Motion in Limine and for Disqualification is granted in part and denied in part, and ruling is deferred as to disqualification.]*

Eckert Seamans Cherin & Mellott, LLC (Gregory H. Teufel and Jeremy L.S. Samek) for Plaintiff.

Tony West, Assistant Attorney General; Barbara S. Williams, Attorney-in-Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (Jason M. Kenner, Edward F. Kenny) for Defendant.

### Opinion & Order

**Carman, Judge:**  Before the Court is Defendant's Second Motion in Limine and for Disqualification, along with a supporting Memorandum, filed on August 25, 2010. (ECF No. 163, "Def.'s Mem.") Plaintiff opposed the motion.  (ECF No. 169, "Pl.'s Opp.") The motion is granted in part and denied in part, and ruling is deferred as to disqualification, as specified below.

PARTIES' CONTENTIONS

## I.   <u>Defendant</u>

Briefly, Defendant seeks an order precluding Plaintiff from entering at trial a number of proposed exhibits (Pl.'s Exs. 61–64, 66, 68–74, 77–78, 80–81, 85, 88–89, 91, 93–94, 96, 98–107, and 237) consisting primarily of correspondence and sales documents. Defendant claims that Plaintiff failed to disclose these documents before the close of discovery, instead responding to the relevant interrogatories solely with objections.

Defendant also seeks to preclude Plaintiff from introducing the testimony of eight specific fact witnesses, expert testimony by Plaintiff's principal witness, and Schedule X–1 of the Proposed Pretrial Order (consisting of the proposed expert testimony and *curriculum vitae* of Plaintiff's principal witness).  Defendant seeks this relief due to Plaintiff's alleged violation of its obligation to produce the names of these witnesses during discovery under USCIT R. 26(a)(1) (requiring initial disclosures) and R. 26(a)(2) (requiring expert disclosure).

Defendant furthermore seeks to preclude all testimony and documents related to (1) reliance by Plaintiff upon Customs Ruling Letter NYRL D86228, (2) imports of Plaintiff's product, white sauce, from 1988 to 1994; (3) lost profits suffered by Plaintiff due to adverse actions taken by Customs in addition to overpayment on the single Entry underlying this case; and (4) collateral damages suffered by Plaintiff. Defendant

claims that this evidence is all irrelevant and therefore inadmissible under Fed. R. Evid.

402, and that the lost profits and damages claims furthermore violate USCIT R. 9(g).

Finally, Defendant moves to disqualify Plaintiff's trial counsel, Gregory Teufel,

Esq., on the ground that Plaintiff has listed Mr. Teufel as a potential rebuttal and

credibility witness in the Proposed Pretrial Order.  According to Plaintiff, Model Rule of

Professional Conduct 3.7, "Lawyer as Witness," forbids a lawyer to "act as an advocate

at a trial in which the lawyer is likely to be a necessary witness," except in certain

circumstances that Defendant claims are not pertinent here.

## II.   <u>Plaintiff</u>

Plaintiff points out that the Rules contemplate that the parties hold a conference

to plan discovery "as soon as practicable—and in any event at least 21 days before a . . .

scheduling order is due under Rule 16(b)."  USCIT R. 26(f)(1).  The time within which

initial disclosures must be produced is defined in the Rules as "at or within 14 days of

the parties' Rule 26(f) conference" unless exceptions irrelevant here apply.  USCIT

R. 26(a)(1)(C). The parties, however, never held a R. 26(f) conference.

Plaintiff argues that the deadline for initial disclosures was therefore never

triggered. Plaintiff points out that, regardless, it provided initial disclosures on June 18,

2010 in correspondence in which Plaintiff also offered to provide any additional

discovery sought by Defendant, and to join in a motion to reopen discovery should

Defendant wish it. (Pl.'s Opp., Ex. 4 at 2.) In another correspondence, dated July 1, 2010,

Plaintiff's counsel notes that Defendant rejected Plaintiff's request for a R. 26(f)

conference and offer of additional discovery or a joint motion to reopen discovery. (Pl.'s

Opp., Ex. 5 at 1.)

As to the exclusion of witnesses, Plaintiff argues that Gerd Stern has been known

to Defendant for years, was interviewed more than once during the government's

investigation, and was disclosed at the very latest via Dennis Raybuck's September 16,

2008 deposition testimony. (Pl.'s Opp. at 17, Ex. 2.) Plaintiff claims the same is true of a

witness whose name is confidential. Witness Douglas Winters, Plaintiff claims, only

became known to Plaintiff when his name was noted on third-party white sauce test

results during preparation of the pretrial order; Plaintiff disclosed his identity to the

government promptly, and did not hire him as an expert. Plaintiff claims that the names

of Dean Osborn, Kathy Negro, and "Bernard D. Liberati and/or other representative of

Morris Friedman & Co." would not have been responsive to any of the government's

discovery requests. In any case, Plaintiff states that "it appears likely that the

Government and ICP will reach further stipulations" that will render their testimony

unnecessary. (Pl.'s Opp. at 18-19.) Plaintiff makes no response regarding witnesses

Kenneth Mitchell and Linda Knisley, listed as potential rebuttal or credibility witnesses

in the proposed pretrial order.

As to the disqualification of Plaintiff's trial counsel due to Plaintiff listing him as a rebuttal and/or credibility witness, Plaintiff notes that Mr. Teufel has agreed not to testify if Plaintiff must choose between having Mr. Teufel as a trial counsel or witness. Plaintiff "merely asks that the Court defer ruling on this issue until trial," where the issue can be decided in the context of the evidence then on the record.

As to precluding Mr. Raybuck's expert testimony, Plaintiff states that it formally disclosed Mr. Raybuck's expert report on September 13, 2010, which was timely under the "90 days before trial" requirement of R. 26(a)(2)(C)(I). Plaintiff also notes that it first informed the government that it intended to use Mr. Raybuck as an expert witness on February 23, 2010, but that the government never sought to depose him and even rejected Plaintiff's June 18, 2010 offer to make him available for deposition.

Plaintiff also argues that, to the extent that Defendant seeks exclusion of documents and witnesses due to Plaintiff's response to interrogatories with objections, Defendant should have brought complaints about those good-faith objections to the Court's attention long ago if Defendant wished to contest them.

Finally, as to the preclusion of testimony regarding damages and reliance on Ruling Letter NYRL D86228, Plaintiff notes that it has "withdrawn its claim for lost profits, and intends to file revised Schedules C-1 and E-1 to the Proposed Pretrial Order, such that the only damages claimed shall be in the nature of excess duties paid on the

Entry at issue, plus interest, expenses, costs, and attorney fees." (<u>Pl.'s Opp.</u> at 22.)

Plaintiff argues that, while evidence of reliance on the ruling letter is not <u>necessary</u> to

prove Plaintiff's due process claim, it is still has <u>relevance</u> to that claim.

ANALYSIS

The Court notes that the parties never held a R. 26(f) conference, as required by

the Court's rules, and that Defendant declined Plaintiff's offer, at the time when the

Proposed Pretrial Order was being prepared, to hold a belated R. 26(f) conference or

reopen discovery. Meanwhile, many months have passed since that time, during which

the government could easily have been conducting further paper discovery stemming

from the supposedly late-disclosed documents provided by Plaintiff, and depositions of

the witnesses it claims it has been "sandbagged" by. Instead, the Court is now faced

with a motion in limine that is, in essence, a belated discovery motion. The time for such

motions is long past; this case is firmly in the pretrial stage. The Court notes that both

parties bear partial blame for the improper conduct of discovery, but that only Plaintiff

has proposed reopening discovery to cure any potential prejudice from which the

government may claim to suffer. Upon consideration of these factors, as well as all other

papers and proceedings in this case, Defendant's motion is denied to the extent that it

seeks to preclude Plaintiff's Exs. 61–64, 66, 68–74, 77–78, 80–81, 85, 88–89, 91, 93–94, 96,

98–107, and 237, as well as witnesses Gerd Stern, Dean Osborn, Kathy Negro, Bernard

Liberati and/or another representative of Morris Friedman & Co., Kenneth Mitchell,

Linda Knisley, and the witness whose name is confidential. Defendant's motion is also

denied as to Dennis Raybuck's testimony in an expert capacity and as to Schedule X-1 of

the proposed pretrial order given that Plaintiff has long since provided expert

disclosure as to Mr. Raybuck.

        As to witness Douglas Winters, the Court also denies in part Defendant's motion

to preclude his testimony, but grants the motion in part as to any testimony by Mr.

Winters in an expert capacity. Although Plaintiff states that it does not intend to offer

Mr. Winters as an expert, the Court nonetheless wishes to be clear that Mr. Winters will

not be allowed to testify as an expert at trial.

        The Court notes that, as of this time, no trial date has been set. If Defendant

believes it is prejudiced by the denial of this motion, it may, upon consultation with

Plaintiff, submit a joint motion to reopen discovery in a manner calculated to efficiently

cure that prejudice. Such motion shall be filed no later than June 6, 2011, and shall set

forth what additional discovery Defendant seeks and a proposed time line. The Court at

this time does not anticipate granting more than 30 days of additional discovery, since a

short period of targeted discovery should cure all ills in this case, but will entertain

positions to the contrary if it must.

        The Court has already indicated to Plaintiff that the Court is disinclined to permit

Mr. Teufel to act as trial counsel and to testify as a rebuttal or credibility witness.

However, the Court defers ruling on Defendant's motion for disqualification unless

Plaintiff requests to call Mr. Teufel at trial, at which time the Court will make such

ruling as is appropriate and necessary.

As to Defendant's motion to preclude evidence regarding Plaintiff's reliance on

the Ruling Letter NYRL D86228 and regarding imports of white sauce from 1988 to

1994, the Court grants the motion only to the extent that Plaintiff offers such evidence to

demonstrate entitlement to lost profits—a claim which Plaintiff states that it has

abandoned. Any evidence of lost profits is irrelevant under Fed. R. Evid. 402, since the

Court has no jurisdiction under 19 U.S.C. 1581(a) to grant lost profits. However,

Defendant's motion to preclude this evidence is denied to the extent that the evidence is

otherwise admissible and is offered to prove the existence of and conformance with the

ruling letter.

Finally, although Plaintiff states that it has abandoned its claim for lost profits

and damages beyond overpayment directly related to the Entry at issue in this case, for

the sake of clarity, Plaintiff will not be permitted at trial to admit evidence to prove lost

profits or other collateral damages stemming from any alleged illegality in Defendant's

treatment of the sole Entry at issue in this case.

The Court notes that Plaintiff has expressed the abandonment of certain claims,

the potential that stipulations will obviate the need for certain witnesses, and its

intention to file revisions to certain schedules of the proposed pretrial order. In light of

this, the Court puts the parties on notice that it expects them to work together in good

faith to make any modifications needed to revise the proposed pretrial order. The Court

is eager to transmute, with its signature, the leaden working draft of a pretrial order

into a golden Order of the Court providing for a streamlined trial and resolution of the

issues in this case. To this end, the parties are further encouraged to winnow their

schedules to reduce unnecessary evidence by entering into stipulations wherever

possible. <u>All</u> modifications to the current proposed pretrial order must be submitted via

ECF no later than July 6, 2011.

Furthermore, because the Court intends to admit all exhibits into the record at

the beginning of trial, all evidentiary objections will be resolved prior to trial. To assist

the Court in resolving the evidentiary objections contained in Schedules I–1 and I–2 to

the proposed pretrial order, the parties shall submit to the Court a chart with four

columns. The first three columns are to contain the following information: (1) the

evidence that is subject to objection, (2) the basis for the objection, including citation to

the appropriate Federal Rule(s) of Evidence, and (3) the response to the objection. The

fourth column shall remain blank as a space in which the Court will note its ruling on

each evidentiary objection. The parties shall docket both a print version of the chart on

ECF, and simultaneously submit an electronic version in WordPerfect format (".wpd")

by email to the Court's case manager, Cynthia Love, no later than July 6, 2011.

CONCLUSION

Upon consideration of Defendant's motion, Plaintiff's response, as well as all

other papers and proceedings in this matter, and for the reasons stated above, it is

hereby

**ORDERED** that Defendant's Motion in Limine and for Disqualification is **denied**

**in part**, to the extent that it seeks to preclude the admission of Plaintiff's Exs. 61–64, 66,

68–74, 77–78, 80–81, 85, 88–89, 91, 93–94, 96, 98–107, and 237, as well as Plaintiff's

witnesses Gerd Stern, Dean Osborn, Kathy Negro, Bernard Liberati and/or another

representative of Morris Friedman & Co., Kenneth Mitchell, Linda Knisley, the witness

whose name is confidential, Dennis Raybuck's testimony in an expert capacity, and

Schedule X-1 of the proposed pretrial order; and it is further

**ORDERED** that Defendant's motion is **granted in part and denied in part** as to

witness Douglas Winters, who is precluded from testifying in an expert capacity but

may otherwise testify as a fact witness; and it is further

**ORDERED** that Defendant shall, if it believes it necessary, consult with Plaintiff

and file a joint motion to reopen discovery no later than **June 6, 2011**, setting forth the

specific items of discovery sought and proposing a time line; and it is further

**ORDERED** that Defendant's motion is **granted in part** to the extent that Plaintiff may not offer evidence of reliance upon Ruling Letter NYRL D86228 or imports of white sauce from 1988 to 1994 to demonstrate entitlement to lost profits or collateral damages and **denied in part** to the extent that the evidence of reliance and historic imports is otherwise admissible and is offered to prove the existence of and conformance with the ruling letter; and it is further

**ORDERED** that Defendant's motion is **granted** to the extent that Plaintiff is precluded from entering evidence to prove lost profits or other collateral damages stemming from any alleged illegality in Defendant's treatment of the sole Entry at issue in this case; and it is further

**ORDERED** that any modifications to the current proposed pretrial order must be submitted via ECF no later than July 6, 2011; and it is further

**ORDERED** that the parties shall submit a chart regarding the evidentiary objections in Schedules I–1 and I–2 to the Proposed Pretrial Order, as described herein, by July 6, 2011; and the Court further

*Court No. 07-00318*                                                    **Page 12**

**DEFERS RULING** on Defendant's motion for disqualification of Plaintiff's

counsel unless and until it becomes necessary to do so at trial.


                                              _____/s Gregory W. Carman/_____
                                                  Gregory W. Carman, Judge

Dated:        May 26, 2011
              New York, NY