Slip Op. 13-6
UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| INTERNATIONAL CUSTOM PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | **Before: Gregory W. Carman, Judge** <br><br> Court No. 07-00318 |

**Carman, J.:**  Before the Court is a motion by Defendant United States styled as "Defendant's Motion for Review of the Clerk's Taxing of ICP's [Plaintiff International Custom Products, Inc.] Bill of Costs and Motion for a Stay [of] the Taxing of ICP's Bill of Costs" ("Motion for Review").  See ECF No. 261.

Briefly, the following background is relevant to Defendant's motion.  After a bench trial, the Court entered judgment on November 20, 2012.  See Slip Op. 12-140 and Judgment, ECF No. 258.  On December 4, 2012, well within the 60 day limit for Defendant United States to appeal the judgment pursuant to Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure, Plaintiff filed a Bill of Costs pursuant to Rule 54(d)(1) of the Rules of the United States Court Of International Trade ("USCIT") and the USCIT Guidelines for Bill of Costs.  ECF No. 259.  On December 20, 2012, the Clerk of the Court filed an order entering ICP's Bill of Costs.  ECF No. 260.  Later that day the

Court No. 07-00318

United States filed the Motion for Review.

The government argues that ICP filed its Bill of Costs prematurely, citing the official USCIT Guidelines for Bills of Costs,[1] which state:

> Within thirty (30) days after the expiration of the time allowed for appeal of a final judgment, whether or not an appeal has been filed, the prevailing party shall serve on the attorney for the adverse party and file with the clerk of court the original and one copy of a Bill of Costs and Disbursements (Form 21), together with a certificate of service.

The government contends that this language means that "[t]he 30 day period for filling [sic] the bill of costs does not begin until the expiration of the time allowed for appeal of a final judgment," and that ICP's filing of its Bill of Costs was therefore premature. Motion for Review at 3. The government therefore requests that the Court vacate the Clerk's order taxing the Bill of Costs. Id.

The government also asks that the Court issue an order staying the taxing of Plaintiff's Bill of Costs until the conclusion of any appeals or the expiration of the government's time to appeal. Id. According to the government, a stay is "required to avoid" the "unfair result" that would occur if the Court were to permit the taxing of ICP's Bill of Costs prior to any appeal, since that appeal might overturn the judgment on which the Bill of Costs is founded. Id. at 3-4.

---

[1] The USCIT Guidelines for Bill of Costs have "the same force and effect as the provisions of [Rule 54]." See USCIT Rule 54, Practice Comment.

*International Custom Products, Inc. v. United States,*  Page 3
Court No. 07-00318

      ICP responds that the government has misread the USCIT Guidelines for Bill of Costs.  Plaintiff's Response to Motion for Review and Stay of Taxing of Costs ("ICP's Response") at 1, ECF No. 262.  According to Plaintiff, the "clear intent of the Guidelines is to set a deadline before which a bill of costs must be filed," and "not a window of time within which a bill of costs must be filed."  Id.  ICP contends that "nothing is going to change between now and the expiration of the time allowed for appeal that would impact ICP's bill of costs."  Id. at 2.

      Plaintiff states that it does not object to "an order providing that no execution may issue on costs taxed in this matter . . . until after the expiration of the time allowed for the Defendant to appeal [the judgment], or while an appeal of that judgment is pending, if the Defendant appeals," and provides a draft order to that effect.  Id. at 2, Attach.

      Plaintiff's reading of the Guidelines is correct.  A party may file its Bill of Costs pursuant to USCIT Rule 54 and the USCIT Guidelines for Bill of Costs prior to the expiration of the period for appeals to be filed.  As Plaintiff notes, neither the Rule nor the Guidelines specifies that the filing of a Bill of Costs must await the expiration of the period for filing of an appeal.  The government appears to rely on the notion that it would be improper to file a Bill of Costs prior to the expiration of the appeals period or, if filed, the decision of an appeal because the judgment forming the basis for the Bill of

*International Custom Products, Inc. v. United States,*  Page 4
Court No. 07-00318

Costs may be overturned by an appeal.  But the language of the guidelines specifically permits the filing of a Bill of Costs while an appeal is pending when they state that the Bill of Costs deadline is set for 30 days after expiration of the appeals deadline, "<u>whether or not an appeal has been filed</u>."  Guidelines for Bill of Costs (emphasis added).  The Rule and the Guidelines therefore must be read as explicitly contemplating the filing of a Bill of Costs, even where the judgment on which the Bill of Costs is based is currently under appellate review.  The government's proposed interpretation would read the above-emphasized clause out of the Guidelines, and the clause would be rendered a nullity if a party could not file a Bill of Costs while a case was on appeal.  It is therefore clear, as Plaintiff argues, that nothing affecting the Bill of Costs changes between the judgment and the expiration of the time allowed for appeal requiring Plaintiff to defer filing the Bill of Costs until after the appeals time expires.

The Court will issue a stay, however, on issuance of any execution on costs taxed and proceedings to collect such costs until after the expiration of the time for appeal, or during pendency of any appeal taken, since this allays Defendant's concerns and Plaintiff does not object.

It is therefore

**ORDERED** that Defendant's Motion for Review of the Clerk's Taxing of ICP's Bill of Costs and Motion for a Stay of the Taxing of ICP's Bill of Costs is denied; and it is

*International Custom Products, Inc. v. United States,*  Page 5
**Court No. 07-00318**

furthermore

**ORDERED** that issuance of any execution on costs taxed in this matter, or proceeding taken to collect any such costs, shall be, and hereby is, stayed until after the expiration of the time allowed for the Defendant to appeal this Court's November 20, 2012 Judgment, or while any appeal of that Judgment is pending (should Defendant file an appeal).

      /s/Gregory W. Carman_____
      Gregory W. Carman, Judge

Dated:  January 10, 2013
        New York, New York